**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTHONY CLEVELAND BOBO,

    Plaintiff,

v.                                          Case No. 08-CV-10265-DT

CITY OF PONTIAC, DARRYL COSBY and VAL GROSS,

    Defendants.[1]

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pending before the court is a March 6, 2008 motion for summary judgment filed by Defendants City of Pontiac, Darryl Cosby and Val Gross. The matter is fully briefed,[2] and the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant in part and deny in part the motion.

**I. BACKGROUND**

The court previously dismissed five of Plaintiff Anthony Cleveland Bobo's eight counts, declining to exercise supplemental jurisdiction over his state law claims. (2/15/08 Order.) The remaining three counts allege federal claims brought before this court via 42 U.S.C. § 1983, seeking redress for various constitutional violations allegedly arising from events on June 15, 2006 at 502 Whittemore in Pontiac, Michigan.

---

[1] The court notes that Defendant Cosby's name is misspelled as "Crosby" on the court's docket.

[2] The court does not consider Plaintiff's April 21, 2008 "Rebuttal to Defendant's Reply, as the court struck this pleading for failure to seek leave to respond to the reply brief.

According to the complaint, Plaintiff was at that residence when Cosby and other police officers entered the home. (Compl. at ¶¶ 6-7.) Plaintiff claims he suffered various injuries after Cosby "began kicking and stomping Plaintiff with his boot and punching him with his hands and fists." (*Id.* at ¶¶ 8-9.) Plaintiff denies having any outstanding warrants, committing any offenses to justify arrest or resisting arrest. (*Id.* at ¶¶ 10-12.) Plaintiff further seeks liability against Defendants Val Gross (chief of police) and the City of Pontiac. (*See generally id.*) Plaintiff alleges four constitutional violations: (1) arrest without probable cause, (2) unreasonable search and seizure, (3) false imprisonment and (4) deprivation of liberty without due process. (Compl. at ¶ 44.)

In response to Defendants' motion for summary judgment, Plaintiff filed a motion to amend his complaint.[3] Plaintiff now claims that Cosby beat, pepper-sprayed and otherwise battered Plaintiff *after* Plaintiff was arrested and handcuffed and while Plaintiff was not resisting. (Proposed Amended Complaint at ¶¶ 10, 12.) Plaintiff suggests that his act of fleeing the house is the predicate for his guilty plea to resisting and obstructing.[4]

---

[3]The court reserves judgment on the merits of the motion to amend, as it has stricken the motion for failure to seek concurrence and for lack of a brief in support. Once the matter is properly submitted and fully briefed, the court can make a reasoned determination.

[4]It is apparently true that a person can be convicted of the Michigan state law version of "obstructing an officer" by merely fleeing the scene of a crime. *People v. Pohl*, 523 N.W.2d 634 (Mich. Ct. App. 1994).

## II.  STANDARD

Because Defendants' motion goes beyond the complaint and relies upon record evidence, the court will not analyze the motion under Rule 12(b)(6).  As provided under Rule 12(b) of the Federal Rules of Civil Procedure, the court may *sua sponte* grant summary judgment as provided in Rule 56 when the motion to dismiss relies on matters outside the pleadings.  *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 571 (6th Cir. 2001).   When doing so, the court must give all parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Fed. R. Civ. P. 12(b). "Whether a district court must provide actual notice that it intends to convert a motion to dismiss into a motion for summary judgment depends on the facts and circumstances of each case."  *Shelby County Health Care Corp. v. Southern Council of Indus. Workers Health and Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000) (quoting *Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 204 (6th Cir. 1998)).  In this case, Defendants argue their motion under both Rule 12 and Rule 56.

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate."  *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The existence of a factual dispute alone, does not, however, defeat a properly supported motion for summary judgment -- the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict -- 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (emphasis and alteration in original)). A fact is "material" for purposes of summary judgment when proof of that fact would have the effect of establishing or refuting an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences from the admissible evidence presented in a manner most favorable to the nonmoving party. *Dunigan v. Noble*, 390 F.3d 486, 492 (6th Cir. 2004) ("[W]e must determine 'not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it upon whom the *onus* of proof is imposed.'" (citation omitted)). The court does not weigh the evidence to determine the truth of the matter but to determine if the evidence produced creates a genuine issue for trial. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).

## III.  DISCUSSION

Defendants' motion argues that Plaintiff's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).[5]  Defendants present record evidence that contradicts a number of allegations in Plaintiff's complaint.  There is a warrant signed on June 15, 2006, at 3:30 p.m., in 50th District Court in Oakland County, Michigan, authorizing police to enter and search the residence at 502 Whittemore.  (Warrant, Defs.' Ex. A.)  A supporting affidavit is attached to the warrant, which the state court relied upon in its determination of probable cause.  (Affidavit, Defs.' Ex. A.)

Defendants also present a misdemeanor citation (No. 06-28043) issued against Plaintiff later that day at 8:15 p.m.  (Citation, Defs.' Ex. B.)  The citation states that Plaintiff, at the address mentioned above, did resist and obstruct the police.  (*Id.*)  The notation "86" appears in two places: (1) below a checked box stating "Authorization pend." and (2) below the words "Offense Code(s)."  (*Id.*)  Based upon the materials before the court, the only reasonable inference is that the citation references Section 86

---

[5]In *Heck*, the Court held:

> [I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (footnote omitted).  Thus, a claim for damages under 42 U.S.C. § 1983 is not cognizable if it would imply the invalidity of a prior conviction that has not already been invalidated.  *Id.* at 487.

of Pontiac's city ordinances, which falls under the article for offenses affecting governmental functions. (Ordinance Excerpt, Defs.' Ex. F.) According to Section 86-31, "[n]o person shall knowingly or willfully obstruct, hinder, resist or oppose any police officer or fire-fighter while discharging or attempting to discharge his duties." (*Id.*)

Plaintiff responded to the citation in a plea by mail, pleading guilty on May 15, 2007 and receiving a sentence of thirty days in jail on June 4, 2007, when the same judge who signed the warrant accepted the plea. (5/15/07 Plea, Defs.' Ex. D.) At the time of his arrest, Plaintiff had an outstanding felony warrant for probation violation. (LEIN Information, Defs.' Ex. C.)

Defendants argue that, under the circumstances, Plaintiff's claims must fail because (1) they would constitute under *Heck* an impermissible collateral attack of his guilty plea and (2) where there is no constitutional violation by an individual officer, there can be no supervisory or municipal liability. (Defs.' Br. at 10-13.) Plaintiff responds (1) that he plead guilty by mail while in custody for another matter, without the advice of counsel and "without establishing a factual basis to support his conviction," (Pl.'s Br. at 7-8), and (2) that *Heck* does not apply.

The court rejects Plaintiff's first argument, as it is a collateral attack of his guilty plea and improper pursuant to *Heck* in the context of his instant civil action. Plaintiff cites no authority to support the argument that pleading guilty without advice of counsel constitutes an exception to *Heck*.

Plaintiff's second argument relies upon *Donovan v. Thames*, 105 F.3d 291 (6th Cir. 1997). In that excessive force case, the Sixth Circuit gave no preclusive effect to a conviction for resisting arrest, because the elements of that offense under Kentucky law

6

did "not require a finding that the police officers did not use excessive force in effecting the arrest." *Id.* at 295. The Michigan statute implicated in this case is distinguishable, as it requires that Defendant Cosby was "discharging or attempting to discharge his duties." § 86-31.

The lawfulness of Cosby's duties is implied. The court is aware of no authority - and Plaintiff presents no such authority - stating that Cosby's duties could have included any of the constitutional violations that Plaintiff raises in his complaint. Indeed, Cosby's duties are quite the opposite. Further, the local ordinance references a parallel state statute, Mich. Comp. Laws § 750.479, which forbids obstructing any "officer or duly authorized person serving or attempting to serve or execute any process, rule, or order made or issued by lawful authority or otherwise acting in the performance of his or her duties." The Michigan Court of Appeals contrasted this statute with another Michigan statute that does not include lawfulness of the arrest as a legitimate defense to resisting arrest:

> Examining the language of Mich. Comp. Laws § 750.81d, *unlike in Mich. Comp. Laws § 750.479*, we find no reference to the lawfulness of the arrest or detaining act. The language of Mich. Comp. Laws. § 750.81d is abundantly clear and states only that an individual who resists a person the individual knows or has reason to know is performing his duties is guilty of a felony. § 750.81d. Because the language of the statute is clear and unambiguous, further construction is neither necessary nor permitted, and we decline to "'expand what the Legislature clearly intended to cover'" and "read in" a lawfulness requirement.

*People v. Ventura*, 686 N.W.2d 748, 751 (Mich. Ct. App. 2004) (citations omitted, emphasis added).


7

The relevant question is not necessarily what defense was actually raised, only what defense could have been raised. Even in "no contest" pleas, courts have held that subsequent § 1983 actions are barred if they will imply the invalidity of the conviction. *See Cummings v. City of Akron*, 418 F.3d 676, 683 (6th Cir. 2005) ("Additionally, Cummings could have raised excessive force as a defense to the assault charge, but instead he chose not to contest the charge."); *Phelps v. City of Akron*, No. 04-2490, 2006 WL 2945947 (N.D. Ohio Oct. 13, 2006) (finding that no contest plea entered in state court "is given issue preclusive effect to estop plaintiff from asserting in federal court that defendant police officers acted without probable cause in arresting and imprisoning him in an action brought under § 1983"). The key question in this case is the scope of Plaintiff's guilty plea and whether his instant claim touches upon the necessary elements of his state court conviction. "The question rather is the relationship between the *elements* of the state conviction and the *elements* of the § 1983 claim. *Swiecicki v. Delgado*, 463 F.3d 489, 504 (6th Cir. 2006) (Sutton, J., concurring) (emphasis in original, citations omitted).

In *Swiecicki*, the Sixth Circuit analyzed *Heck* in the context of determining the appropriate statute of limitations period for a subsequent § 1983 action. 463 F.3d 489. The plaintiff's convictions under Ohio law for disorderly conduct and resisting arrest were reversed on appeal, which gave rise to different application of the exceptions under *Heck* depending on whether Plaintiff filed before or after the reversal. *Id.* In a concurring opinion, Judge Sutton analyzed the reach of *Heck* in excessive force cases filed after a conviction for resisting arrest. "As a matter of sheer logic, one may bring a successful excessive-force claim without having to establish that the resisting-arrest

8

charge was unlawful: An officer could legitimately arrest a suspect but use excessive force in bringing the suspect to the station." *Id.* at 504 (Sutton, J., concurring). The specificity of the factual allegations is not required, as the elements of the previous offense control:

> Under these circumstances, the question is not whether Swiecicki's claim, "as he has alleged it" as a matter of fact . . . would imply the invalidity of his state-court conviction . . . . In this instance, because some excessive-force claims would not imply the invalidity of an Ohio conviction for resisting arrest, it follows that Swiecicki's excessive-force claim did not "necessarily imply the invalidity of his conviction" for resisting arrest . . . .
>
> But even if the focus were on Swiecicki's claim "as he has alleged it" that would not help Swiecicki here. He did not condition his excessive-force claim on any one period of time during his encounter with Delgado or on the assumption that he had not resisted arrest. In full, his complaint said, "On or about the evening of September 25, 2001 Defendant JOSE DELGADO deliberately and intentionally used excessive and unreasonable force and violence upon the person of Plaintiff JEFFREY SWIECICKI." And he could prevail on this claim whether he resisted arrest or not. *See Murad,* 616 N.E.2d at 1120; *Purdie,* 1984 WL 6005, at *3.
>
> This circuit (in an unpublished decision) and several other circuits (in published decisions) have held that excessive-force claims may proceed in the face of a *Heck* challenge despite the existence of an outstanding conviction for resisting arrest. *See Sigley v. Kuhn,* Nos. 98-3977, 99-3531, 2000 WL 145187, at *4 (6th Cir. Jan.31, 2000) ("Sigley's section 1983 action attempts to prove that Kuhn used unreasonable and excessive force subsequent to Sigley's arrest and resistance. Nothing in that determination invalidates the underlying criminal conviction for resisting arrest."); *Martinez v. City of Albuquerque,* 184 F.3d 1123, 1127 (10th Cir.1999) ("[W]hether [plaintiff] resisted arrest . . . is a question separate and distinct from whether the police officers exercised excessive or unreasonable force in effectuating his arrest."); *Nelson v. Jashurek,* 109 F.3d 142, 146 (3d Cir.1997) (holding that excessive-force claim was not *Heck* barred because "it is possible for a finding that the defendant was resisting arrest to coexist with a finding that the police used excessive force to subdue him") (internal quotation marks and brackets omitted).

*Id.* at 504-05 (some citations omitted).

In light of this authority, the court is not persuaded that the implied lawfulness of Cosby's duties necessarily entails all of the constitutional violations generally alleged in Plaintiff's complaint. The elements of Plaintiff's conviction for resisting and obstruction do not include, for example, the degree of force that Cosby used while or, indeed, after effectuating arrest. Whatever the final factual contours of Plaintiff's federal claims, the court concludes that at least some of them do "not 'necessarily imply the invalidity of his conviction' for resisting arrest." *Id.* at 504. *Heck* therefore does not preclude Plaintiff's claim of unreasonable seizure or excessive force under the Fourth Amendment.

The other constitutional rights asserted in the complaint, however, necessarily implicate the validity of Plaintiff's conviction. Under *Heck*, Plaintiff may not reopen his conviction to challenge whether he was (1) arrested with probable cause, (2) falsely imprisoned or (3) deprived of liberty without due process. (Compl. at ¶ 44.) To prevail now on any of these claims, Plaintiff would have to prove that some part or all of his guilty plea was improper and the sentence imposed was illegal. *Heck* bars this kind of collateral attack on his criminal proceedings in state court. For these claims, Cosby is entitled to summary judgment.

Consistent with the above analysis, the court must also dismiss some of Plaintiff's claims of supervisory and municipal liability. Where there is no constitutional violation on the part of an individual employee, there can be no custom, policy or practice as required by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1986). Plaintiff's claims against the City of Pontiac and Defendant Gross remain only to the extent that those claims remain against Cosby: a claim of unreasonable seizure (excessive force).

### IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendants' "Motion for Summary Judgment" [Dkt. # 7] is GRANTED IN PART and DENIED IN PART. With respect to Plaintiff's claims of arrest without probable cause, false imprisonment and denial of liberty without due process, the motion is GRANTED. Concerning Plaintiff's claim of unreasonable seizure (excessive force), the motion is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 24, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 24, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522